IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Norman Mitchell, #293197, ) | Case No. 8:18-cv-01221-DCC |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| South Carolina Department of ) | |
| Corrections, FNU Lee, FNU Turman, ) | |
| James Bell, Dewayne Campbell, Joey ) | |
| Tutt, Dwight Jones, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the Court on Defendants South Carolina Department of Corrections ("SCDC"), FNU Lee, FNU Truman, James Bell, Dewayne Campbell, and Joey Tutt's (collectively, "the Moving Defendants") Motion for Summary Judgment. ECF No. 39. Plaintiff filed a Response in Opposition, and the Moving Defendants filed a Reply. ECF Nos. 46, 49. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Jacquelyn D. Austin for pre-trial proceedings and a Report and Recommendation ("Report"). On August 2, 2019, the Magistrate Judge issued a Report recommending that the Motion for Summary Judgment be granted with respect to Plaintiff's claims pursuant to 42 U.S.C. § 1983 and that the action be remanded to the state court for consideration of Plaintiff's state law claims. ECF No. 49. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they

failed to do so.  The Moving Defendants and Plaintiff filed objections to the Report.  ECF Nos. 50, 52.

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  See *Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made.  The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  See 28 U.S.C. § 636(b).  The Court will review the Report only for clear error in the absence of an objection.  See *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

As an initial matter, the Magistrate Judge provided a thorough and complete recitation of the facts of this case and the applicable law, which the Court incorporates into this Order.

***The Moving Defendants' Objection***

The Moving Defendants only object to the Magistrate Judge's discussion of Plaintiff's Eighth Amendment claim for failure to protect.  ECF No. 50.  They contend that she correctly decided the issue on the merits; however, she should have found that Plaintiff's failed to exhaust his administrative remedies with respect to this claim.

The Moving Defendants argue that Plaintiff's grievances were clearly not complaints of criminal activity; accordingly, he was required to proceed through the grievance process. The Court has conducted a de novo review of the record, the applicable law, and the Report of the Magistrate Judge. Having done so, the Court finds that Plaintiff provided sufficient evidence to meet his burden of showing that the generally available administrative remedies were effectively unavailable to him. *See Graham v. Gentry,* 413 F. App'x 660, 663 (4th Cir. 2011) ("[I]n order to show that a grievance procedure was not 'available,' a prisoner must adduce facts showing that he was prevented, through no fault of his own, from availing himself of that procedure.") (internal citation omitted)). Accordingly, the Moving Defendants' objection is overruled.

***Plaintiff's Objections***

Regarding Plaintiff's Eight Amendment claim for failure to protect,[1] the Magistrate Judge found that Plaintiff could not "establish that any Defendant had a sufficiently culpable state of mind." ECF No. 49 at 17. Plaintiff, through counsel, objects to the Magistrate Judge's recommendation that summary judgment should be granted with respect his § 1983 claims. Plaintiff contends that this statement overlooks the concerns expressed by Plaintiff when he was being moved into a room with Defendant Dwight Jones. Plaintiff argues that he and Jones had a fight and that Plaintiff told the lieutenant about it. He contends that when he asked to be moved, he was told to go to classification. He asserts that he requested to be moved several times, that the room change was

---

[1] This claim was only brought against Lee, Turman, Bell, Campbell, and Tutt ("the Natural Defendants").

approved, but that he was not moved out of the room within the 30 days allowed under SCDC policy.[2]

In his deposition, Plaintiff testified that he did not want to move into a room with Jones because he knew Jones had a "past history of fighting his roommates, and pulling out knives, and stabbing" and that he "told Mr. Campbell in the yard that [he had] to get out of that room [because he felt] like something is going to happen." ECF No. 46.3 at 7–8. He stated that he and Jones had a fight and after the fight he and Jones "went to the staff [and] told the staff that [they] both needed to move out of the room." *Id.* at 8. Plaintiff testified that he was told to go to classification; then classification told him to wait until his annual review; then, at his annual review, he requested to move. *Id.* at 9. He stated that the move was approved but was delayed. *Id.*

Plaintiff has failed to provide any evidence that he told any Defendant about the fight with Jones[3] or that he felt threated by Jones. The fact that he requested a room change without additional information is insufficient to establish that the Natural

---

[2] As explained in the Report, to the extent that Plaintiff asserts that the failure to move him to a new room within 30 days of his room change request supports his failure to protect claim, any delay fails to support a finding that any Defendant had a sufficiently culpable state of mind. Further, failure to follow prison policies and/or procedures does not by itself rise to the level of a constitutional violation. *See Jackson v. Sampson*, 536 F. App'x 356, 357 (4th Cir. 2013) ("[P]rison officials' failure to follow internal prison policies are not actionable under § 1983 unless the alleged breach of policy rises to the level of a constitutional violation."). Moreover, Plaintiff has failed to specifically raise this argument in his objections.

[3] In his objections to the Report, Plaintiff asserts that some of the Defendants were told about the fight. ECF No. 52 at 2. These statements are made without citation to the record and the Court is unable to find any support for these allegations.

Defendants were aware of facts from which the inference could be drawn that Plaintiff was at a substantial risk of harm by Jones or that the Natural Defendants ever drew that inference. *See Wynn v. Perry*, No. 3:14-cv-625-FDW, 2018 WL 1077321, at *27 (W.D.N.C. Feb. 27, 2018) (holding that the plaintiff's report of "rising tension" between himself and a known gang member was insufficient to show that the defendants knew of and disregarded a substantial risk of harm to the plaintiff); *Drayton v. Cohen*, C.A. No. 2:10-3171-TMC, 2012 WL 666839 (D.S.C. Feb.29, 2012), *aff'd*, 474 F. App'x 991, at *4, *7 (4th Cir. 2012) (holding that "[t]he facts alleged by Plaintiff fall short of the requisite standard because his requests to staff expressed no more than a generalized concern that he would be drawn into a confrontation with [his cellmate] based upon Plaintiff's disdain for [the cellmate's] behavior" where the plaintiff requested his cellmate be "moved to another cell, in order to prevent the potential physical confrontation that is sure to come"); *Sutton v. Johnson*, No. 7:10-cv-00070, 2010 WL 1813791, at *2 (W.D. Va. Apr. 30, 2010) (holding that the plaintiff's request to be removed from a cell with an inmate who was in a gang known for violence and whose recent segregation sentence was for unidentified violence did not put the defendant on notice that the gang member posed a specific risk of harm to the plaintiff). Accordingly, Plaintiff's objections are overruled.[4]

---

[4] To the extent Plaintiff attempts to argue through his reference to the expert report that he should not have been placed in a room with Jones to begin with, Plaintiff is not entitled to liberal construction and has failed to develop this claim.

5

*No Objections*

No party has objected to the Magistrate Judge's recommendation with respect to Plaintiff's property claim, claim for deliberate indifference to serious medical needs, or qualified immunity. Accordingly, the Court has reviewed the record, the applicable law, and these portions of the Report for clear error. Finding none, the Court adopts the recommendation of the Magistrate Judge. The Court finds that Plaintiff failed to exhaust his administrative remedies with respect to his deliberate indifference to serious medical needs claim, that the Natural Defendants are entitled to qualified immunity, and that summary judgment is appropriate with respect to Plaintiff's property claim to extent he asserts this claim under § 1983.

The Magistrate Judge further recommended remand of Plaintiff's state law claims taking into consideration the factors articulated in *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995). No party objected to this portion of the Report. Upon review of the Report, the record, and the applicable law, the Court agrees that remand is appropriate.[5]

## **CONCLUSION**

Accordingly, the Court adopts the recommendation of the Magistrate Judge. The Motion for Summary Judgment [39] is **GRANTED** with respect to Plaintiff's § 1983 claims. This action is **REMANDED** to the McCormick County Court of Common Pleas for evaluation of Plaintiff's state law claims.

---

[5] The only claim against Jones is a state law claim for assault and battery. Accordingly, even though he did not join in the motion for summary judgment, remand of the claim against him is appropriate.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

September 3, 2019
Spartanburg, South Carolina